## PROOF AS TO QUALITY OF GOODS SOLD.

Circuit Court of Hamilton County.

THE MIHALOVITCH-FLETCHER COMPANY v. WILLIAM H. BARTLETT.

Decided, June 26, 1909.

*Sales—Quality of Goods Sold—Alleged Breach—Evidence that is Insufficient to Establish a Contract or Its Breach.*

The filing of an affidavit charging that the goods sold did not come up to the contract does not prove breach of contract, nor does the fact that the plaintiff pleaded guilty to the charge of adulteration prove that the goods were adulterated.

*Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.
*Johnson & Levy,* contra.

SWING, J.; GIFFEN, P. J., and SMITH, J., concur.

Plaintiff's right to recover in this action in the court of common pleas depended on proof of the fact that the goods sold did not comply with the laws of Pennsylvania.

It seems to us that the proof in the record is not sufficient to establish this fact. The filing of an affidavit in the courts of Pennsylvania charging that these goods as not coming up to the requirements of the law of that state does not prove or tend to prove that the goods did not comply with the law and the fact that the plaintiff pleaded guilty to the charge does not prove the fact of the adulteration.

The petition does not contain a charge that the goods did not comply with the laws of Pennsylvania, but both parties seemed to have tried the case on the theory that it did. For these reasons we think the judgment should be reversed and the cause remanded to the court of common pleas for further proceedings according to law.

Our construction of the contract would warrant the recovery of the damages claimed if the breach of the contract had been proved.